IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DEANN BURGESS                                                    PLAINTIFF

v.                                                    CIVIL CASE NO. 3:25-CV-129-RP

COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT

## **<u>JUDGMENT</u>**

In its order entered on March 30, 2026, the court found that "the RFC assessed by the ALJ in his decision contains limitations that the hypothetical RFC presented to the VE did not," and the court gave the Commissioner an opportunity to show cause why his decision in this case should not be reversed and remanded for that reason. ECF 26. The Commissioner has responded to the show cause order, and the court finds the Commissioner has failed to show cause why his decision should not be reversed.

As discussed in the show cause order, the ALJ in his decision assessed certain sedentary pushing and pulling limitations that were not included in the hypothetical RFC presented to the VE, which is reversible error. In response to the show cause order, the Commissioner does not dispute that the ALJ assessed greater pushing and pulling limitations than those presented to the VE. Nonetheless, the Commissioner argues that reversal is not warranted because there is no evidence that the work identified and relied upon at steps four and five of the ALJ's decision require pushing and pulling. However, this "harmless error" argument is unavailing, as to indulge it would require speculation about what testimony the VE would have given in response to the correct hypothetical question and about whether the ALJ would have reached a different conclusion based on that evidence that is not in the current record. A defective hypothetical question is reversible error regardless of whether prejudice has been shown.

The Fifth Circuit has made it clear that where the hypothetical question posed to the VE does not reasonably incorporate all the claimant's disabilities recognized by the ALJ, "a determination of non-disability based on such a defective question cannot stand." *Bowling v. Shalala*, 36 F.3d 431, *436 (5th Cir. 1994); *see also Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (finding that ALJ failed to develop facts fully and fairly and his decision was not substantially justified because he "relied on testimony elicited by a defective hypothetical question"). "In short, since posing the incorrect hypothetical question is reversible error, Plaintiff need not show prejudice." *Guillen v. Astrue*, 584 F.Supp.2d 930, 936 (W.D. Tex. 2008) (citing *Boyd*, 239 F.3d at 708 and *Bowling*, 36 F.3d at 436).

For these reasons and for those discussed in the referenced show cause order, the Commissioner's decision is REVERSED and REMANDED for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

SO ORDERED AND ADJUDGED, this, the 16th day of April, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE